CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JOSEPH LEE GARRETT,      )
    Plaintiff,      )    Civil Action No. 7:01cv00186
                                )
v.                         )    **MEMORANDUM OPINION & ORDER**
                                )
G.M. BROWN, et al.,      )    By: Hon. Michael F. Urbanski
    Defendants.    )    United States Magistrate Judge

This matter is before the court on plaintiff's letter, which the court will construe as a motion for a twenty day extension in which to file an appeal and a motion for free copies of his trial transcript.

Rules 3 and 4 of the Federal Rules of Appellate Procedure specify that in a civil case, an appellant must file a notice of appeal within 30 days the judgment appealed from is entered. However, the district court may extend that time if the appellant shows good cause. Fed. R. App. P. 4(a)(5)(A). Here, Garrett states that he needs copies of his trial transcript and additional time to utilize the law library before he can prepare his appeal. In an abundance of caution, plaintiff's motion for a twenty day extension is hereby **GRANTED**. Plaintiff shall have until November 2, 2005 in which to file his notice of appeal in this court.[1]

Generally, an indigent civil appellant may be provided a free transcript of his civil trial if the circuit judge certifies that the appeal is not frivolous, but presents a substantial question. Ortiz v. Greyhound, Corp., 192 F. Supp. 903, 905 (D.Md. 1959). The appellant bears the burden of establishing that he raises a non-frivolous and substantial issue. Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940. (D.C. Circ. 1967). A substantial question is one that is

---

[1]As judgment was entered on September 12, 2005, the time for filing a notice of appeal would have expired on October 13, 2005. Accordingly, plaintiff will be granted twenty days from that date.

reasonably debatable or one in which the law appears to be settled, but the appellant shows his chances of changing the law are strong. Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970). Garrett has provided no evidence of the issues he intends to raise on appeal, thus the court cannot make a determination as to whether or not those claims are frivolous or substantial. Accordingly, plaintiff's motion for copies of trial transcripts provided at government expense is **DENIED**.

Petitioner is hereby advised that he may purchase a copy of his trial transcripts by pre-paying to the court the cost for preparation. The court estimates that cost to be $ 924.00.[2]

Furthermore, plaintiff is hereby **ORDERED** to show cause within twenty (20) days of the entry of this order why his status to proceed in forma pauperis (IFP) should not be revoked. IFP status is a "privilege, not a right" designed to ensure that those who cannot afford the payment of costs have the same ability to present their claims, as those who can afford to pay such costs. Weaver v. Pung, 925 F.2d 1097, 1099 n.4 (8 th Cir), cert. denied, 502 U.S. 828 (1991). Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4 th Cir. 1995), cert. denied, 516 U.S. 1177 (1948). However, once granted the district court may reconsider such a grant; and, taking into consideration all relevant changes in plaintiff's subsequent financial status, if the court finds that the allegation of poverty is no longer true, the court may revoke such status. Evans v. Croom, 650 F.2d 521, 525 n.12 (4 th Cir. 1981), cert. denied, 454 U.S. 1151 (1982).

In 2001 plaintiff submitted to this court evidence indicating that he had on average less than thirteen dollars per month, for the preceding six months, in his inmate trust fund account. Accordingly, at that time the court granted plaintiff's motion to proceed IFP and allowed plaintiff

---

[2]Plaintiff's trial lasted approximate 7 hours, generally there are approximately 40 pages of transcript produced per hour, and the cost of generation is $ 3.30/page.

2

to pay the filing fee in instalments. That fee was paid in full on July 1, 2002.

Plaintiff was informed prior to trial, regardless of his IFP status, in order to make the subpoenas against his intended witnesses enforceable he must pre-pay the cost of witness fees and mileage, totaling $ 916.62. Plaintiff informed the court on numerous occasions he was willing and able to pay the witness fees and mileage for all his intended trial witnesses, and in fact had that money available in his inmate account. Additionally, plaintiff did in fact submit to the court $ 747.30 in money orders to cover those costs, of which all but $ 54.50 was returned to plaintiff.

As such, it appears to the court that plaintiff is able to pre-pay any further costs assessed in this matter. Accordingly, plaintiff is **DIRECTED** to provide to the court within twenty (20) days of the entry of this order specific evidence as to his current financial status. Furthermore, such information should include a certified copy of his trust fund account statement for the six month period immediately preceding the entry of this order, obtained from the appropriate prison official of each prison at which the prisoner is or was confined, and specific information as to the money orders which were returned to plaintiff if said funds are not currently accounted for in plaintiff's inmate trust account.

Based on the foregoing, it is hereby

### ORDERED

1.  Plaintiff's motion for an extension of time within which to file a notice of appeal is hereby **GRANTED**. Plaintiff shall have until November 2, 2005 in which to file his notice of appeal in the United States District Court for the Western District of Virginia.

2.  Plaintiff's motion for the provision of transcripts at government expense from his September 6, 2005 civil trial is hereby **DENIED.**

3

3. Plaintiff is **DIRECTED** to show cause within twenty (20) days of the entry of this order why his in forma pauperis status should not be revoked. Additionally, plaintiff is further **DIRECTED** to submit to the court a certified copy of his trust fund account statement for the six month period immediately preceding the entry of this order, obtained from the appropriate prison official of each prison at which the prisoner is or was confined, and specific information as to the money orders, totaling $ 692.80, which were returned to plaintiff, if said funds are not currently accounted for in plaintiff's inmate trust account within twenty (20) days of the entry of this order

4. The Clerk of the Court is hereby directed to send a certified copy of this Order to plaintiff and to counsel for defendants.

**ENTER:**   This 28 day of September, 2005.

UNITED STATES MAGISTRATE JUDGE

4